THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WASHINGTON PEREIRA** and **MAYRA PEREIRA,** | : :  : : |
| Plaintiffs, | : 3:24-CV-01097 : (JUDGE MARIANI) |
| v. | : : |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : : : |
| Defendant. | : : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 6) is pending before the Court. With its Motion, Defendant asks the Court to dismiss Count II of Plaintiffs' Complaint that alleges a bad faith claim. (Doc. 1-1 ¶¶ 24-31.)

The Plaintiffs in the Complaint are Washington Pereira and Mayra Pereira (hereinafter collectively referred to as "Pereira"). (*Id.* ¶¶ 1-2.) The Defendant is State Farm Fire and Casualty Company ("State Farm"). (*Id.* ¶ 3.) Plaintiffs' Complaint (Doc. 1) alleges in Count I that Defendant refused to reimburse Plaintiffs for the entire amount of damages owed under an insurance policy following a burst pipe that caused water damages to their premises. (*Id.* ¶¶ 14-23.) Plaintiffs also allege in Count II of their Complaint that Defendant breached its contract with Plaintiffs in bad faith because Defendant had no reasonable basis

for denying the full amount of benefits owed under the applicable insurance policy. (*Id.* ¶¶ 24-31.) For the reasons explained below, the Court will deny Defendant's Motion (Doc. 6).

## II. BACKGROUND[1]

The Plaintiffs, Washington Pereira and Mayra Pereira, are adult individuals residing at 418 Park Avenue, Wilkes Barre, Luzerne County, Pennsylvania 18702. (Doc. 1-1 ¶ 1.) The Defendant, State Farm Fire and Casualty Company, is an insurance corporation trading and doing business within the Commonwealth of Pennsylvania and has a principal place of business located at 1 State Farm Plaza, Bloomington, McClean County, Illinois 61710. (*Id.* ¶ 3.)

Pereira was insured by State Farm pursuant to a policy of insurance, policy number 78-CI-A672-0, for a period of July 5, 2021, through July 5, 2022, for the real property and improvements located at 418 Park Avenue, Wilkes Barre, Luzerne County, Pennsylvania 18702 (hereinafter referred to as the 'Property"). (*Id.* ¶ 4.) The policy provided for the following coverages:

- $223,300 policy limit for damage to the Dwelling with a dwelling extension up to $22,330;
- $66,900 for loss of use; and

---

[1] The background information reiterates the alleged facts contained in Plaintiffs' Complaint (Doc. 1-1).

- $167,475 for damage to personal property.

(*Id.* ¶ 4.)

On or about February 18, 2022, Pereira sustained a loss and damages due to a pipe that burst and that caused water damage to the Property, including damage to the floors, paint, baseboards, furniture and other personal property. (*Id.* ¶ 5.) Pereira sustained damages to the interior of their dwelling in the amount of $97,872.38. (Doc. 1-1 ¶ 6.) Pereira sustained damages to their personal property and contents inside of the home in the amount of $42,938.08. (*Id.* ¶ 7.) Due to the excess water in the Property, Pereira was forced to rent a heater at a cost of $12,050.00 from Positive Air. (*Id.* ¶ 8.) Pereira was forced to pay $19,098.81 for mitigation services at the Property. (Id. ¶ 9.) Due to the burst pipe, Pereira had a water bill from American Water in the amount of $8,327.59. (*Id.* ¶ 10.)

On or about February 19, 2022, Pereira filed a claim with State Farm for the damages to the premises. (Doc. 1-1 ¶ 11.) State Farm accepted full liability for the loss by virtue of correspondence. (*Id.* ¶ 12.) Plaintiffs claim that State Farm failed to provide payment in full to Pereira based upon the Policy limits and estimates that were provided to them. (*Id.* ¶ 13.)

**Count 1: Breach of Contract**

As a result of the burst pipe that caused water damage to the premises, Pereira sustained damages to the interior of the property as well as personal property in the total

amount of $175,299.45. (*Id.* ¶ 15.) Pereira gave timely notice of the loss to the State Farm and Pereira claims that they have complied with the terms, conditions, and duties required under State Farm's policy. (*Id.* ¶ 16.) State Farm accepted full coverage for the loss and issued Pereira a partial payment in the amount of $132,675.11 to date even though it claims to have provided $155,998.60 to Pereira. (Doc. 1-1 ¶ 17.)

Despite repeated demands, State Farm has refused to make payment to Pereira for the entire amount of damages to the dwelling and personal property, which Plaintiffs claim are covered pursuant to the provisions of their insurance policy. (*Id.* ¶ 18.) Despite repeated demands, State Farm refused to name an appraiser pursuant to the policy. (*Id.* ¶ 19.) On numerous occasions, Pereira has questioned State Farm on their appraisement of the loss to the Property but State Farm refuses to provide reasoning, data and/or information pertaining to their appraisement numbers. (*Id.* ¶ 20.)

Plaintiffs allege that State Farm has failed to timely offer payment of the reasonable and fair value of the damages for the loss. (*Id.* ¶ 21.) Plaintiffs also claim that State Farm has failed to reasonably investigate Pereira's claims, and a thorough and proper inquiry would have revealed that Pereira has sustained losses which are covered under the terms and conditions of the policy issued by State Farm. (Doc. 1-1 ¶ 22.)

Pereira seeks attorney's fees in this matter due to the State Farm's alleged breach of contract and bad faith by failing to offer payment of the reasonable and fair value of the

damages for loss at the property and offering substantially less than the amounts due and owing to Pereira. (*Id.* ¶ 23.)

**Count II: Bad Faith**

In Count II of their Complaint, Plaintiffs allege that State Farm did not have a reasonable basis for denying benefits under the policy. (*Id.* ¶ 25.) Plaintiffs claim that State Farm's failure to make payment for the loss occurring upon the premises does constitute an unreasonable delay and constitutes bad faith on the part of State Farm in violation of 40 P.S. § 1171.51(a)(10)(i) for misrepresenting pertinent facts of policy or contract provisions relating to coverages at issue. (*Id.* ¶ 26.) Plaintiffs also argue that State Farm's bad faith entitles them to an award of interest on the amount of the claim from the date the claim was made at a rate of the Prime Rate of interest plus three percent (3%), punitive damages, court costs, and attorney's fees pursuant to 42 P.S. §8371. (*Id.*) Plaintiffs claim that State Farm misrepresented the pertinent facts of the policy by stating that they accepted full liability for the loss at the Property but failed to pay for the entire loss. (Doc. 1-1 ¶ 27.) State Farm allegedly denied full coverage for the loss and issued Pereira a partial payment in the amount of $132,675.11. (*Id.* ¶ 28.)

Plaintiffs contend that State Farm's alleged failure to make payment for the loss occurring upon the said premises constitutes an unreasonable delay and constitutes bad faith on the part of State Farm in violation of 40 P.S. §1171.51(a)(10)(vii) for compelling

5

persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons. (*Id.* ¶ 29.) Plaintiffs allege that, as a result of State Farm's bad faith, they are entitled to an award of interest on the amount of the claim from the date the claim was made at the rate of the Prime Rate of interest plus three (3%) percent, punitive damages, court costs and attorney's fees pursuant to 42 P.S. §8371. (*Id.*)

Plaintiffs claim that the principal amount remains due and owing by State Farm for the loss and damage sustained at the Property by reason of a burst pipe that caused water damage to Plaintiffs' premises together with damages for bad faith pursuant to 42 P.S. §8371, entitling Pereira to an additional award of interest on the amount of the claim from the date the claim was made at the rate of the Prime Rate of interest plus three (3%) percent, punitive damages, court costs, and attorney's fees. (*Id.* ¶ 30.) Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and against Defendant in an amount in excess of $50,000.00 plus interest, attorney's fees and costs. (*Id.* ¶ 31.)

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

7

citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal,* 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal,* 556 U.S. 679).

The Third Circuit Court of Appeals has identified the following three-step inquiry as appropriate to determine the sufficiency of a complaint pursuant to *Twombly* and *Iqbal:*

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir.2011); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013); *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the reviewing court examines:

> the "complaint, exhibits attached to the complaint, [and] matters of public record," *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), we can also consider documents "that a defendant attaches as an exhibit to a motion to dismiss," *Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), if they are "undisputedly authentic" and "the [plaintiff's] claims are based [on them]," *Mayer*, 605 F.3d at 230. That holding extends to settlement material because plaintiffs "need not provide admissible proof at th[e] [motion-to-dismiss] stage." *In re OSG Sec. Litig.*, 12 F. Supp.3d 619, 622 (S.D.N.Y. 2014); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp.3d 936, 961 n.5 (N.D. Cal. 2014) (same). Moreover, the Supreme Court has been clear about the scope of our review, stating we "*must* consider the

complaint in its entirety, as well as other sources [we] ordinarily examine when ruling on ... motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007) (emphasis added).

*Estate of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir.), *cert. denied sub nom. Estate of Roman v. City of Newark, New Jersey*, 140 S. Ct. 82, 205 L. Ed. 2d 28 (2019), and *cert. denied*, 140 S. Ct. 97, 205 L. Ed. 2d 28 (2019).

Even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

Through its partial Motion to Dismiss, Defendant contends that the Court should dismiss Count II of Plaintiffs' Complaint on the grounds that Plaintiffs fail to allege facts that would support a finding of bad faith. (Doc. 6 ¶¶ 9-12, 16-18.) For the reasons explained below, the Court will deny Defendant's Motion.

Defendant argues that the Court should dismiss portions of Plaintiffs' Complaint on the basis that "there are no facts or evidence establishing a claim for Bad Faith in Plaintiffs'

9

Complaint." (Doc. 6 ¶ 17.) Upon review of the allegations contained within their Complaint, Plaintiffs offer factual allegations that could entitled them to favorable judgment on their bad faith claim.

The Pennsylvania bad faith statute creates a cause of action against an insurer for its bad faith in handling its insured's claim. *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 199–200 (2007). Where an insurer had no reasonable basis for denying benefits, it may be liable for bad faith. *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)). The insurer may also be liable for its failure to investigate a claim. *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. 1999). In order to show bad faith, a claimant must ultimately establish by clear and convincing evidence both that: 1) "the insurer lacked a reasonable basis for denying benefits;" and 2) "the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (discussing *Terletsky*, 649 A.2d at 688).

In deciding whether an insurer had a reasonable basis for denying benefits, a court should examine what factors the insurer considered in evaluating a claim. *See Terletsky*, 649 A.2d at 688–89. "Bad faith claims are fact specific and depend on the conduct of the insurer *vis à vis* the insured." *Condio v. Erie Ins. Exchange,* 899 A.2d 1136, 1143 (Pa.

Super. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)).

Here, Plaintiffs allege facts that would support a finding that State Farm "had no reasonable basis for denying benefits." *Wolfe*, 790 F.3d at 498. In their Complaint, Plaintiffs allege that "State Farm accepted full liability for the loss by virtue of correspondence" but that "State Farm failed to provide payment in full to Pereira based upon the Policy limits and the estimates that were provided to them." (Doc. 1-1 ¶¶ 12-13.) These factual allegations could suggest that State Farm knew there was no reasonable basis to deny coverage yet denied coverage anyway. The Court further notes that the Plaintiffs have sufficiently alleged the precise damages that they have incurred and which form the basis of their claim that State Farm denied them full coverage. (*Id.* ¶¶ 15, 17.) Plaintiffs also allege that "[d]espite repeated demands, State Farm refused to name an appraiser pursuant to the policy in order to try and settle this matter amicably." (*Id.* ¶ 18.) Plaintiffs claim that they have "questioned State Farm on their appraisement of the loss to the Property but State Farm refused to provide reasoning, data and/or information pertaining to their appraisement numbers." (*Id.* ¶ 20.) Finally, Plaintiffs state that "State farm misrepresented the [sic] pertinent facts of the policy by stating that they accepted full liability for the loss at the Property but failed to pay for the entire loss" by "den[ying] full coverage for the loss and issued Pereira a partial payment in the amount of $132,675.11." (*Id.* ¶¶ 27-28.)

In essence, Plaintiffs allege that State Farm failed to pay their claim in full, investigate their claims properly, and respond to requests for an appraisal and other documentation that would support the partial payment. These allegations suffice to state a bad faith claim under § 8371. Indeed, courts in the Third Circuit have found similar bad faith insurance claims to survive at the motion to dismiss stage. *See, e.g., Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (holding that the plaintiffs plausibly alleged a bad faith claim because "Progressive failed to pay their claims, make a reasonable settlement offer, [and] investigate their claims properly"); *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (finding that Plaintiff alleged a plausible bad faith claim because "[e]ach request for an evaluation of her claim was met with further requests for information or was ignored."); *Clark v. Allstate Ins. Co.*, No. 13–0271, 2013 WL 1905147, at *5 (E.D. Pa. May 7, 2013) ("Allstate's refusal or inability to provide Plaintiff with information on her claim is suspect. Ultimately, reasonable explanations could be provided for all of these factors. This, however, is an issue for summary judgment.").

The arguments raised by Defendant in support of its Motion to Dismiss Plaintiffs' bad faith claim are summarized in a series of rhetorical questions at page seven of their memorandum in support:

> Noticeably absent from Plaintiffs' Complaint are any specific facts that describe who, what, where, when, and how the alleged Bad Faith conduct

12

occurred. Plaintiffs do not identify which State Farm employees, agents, or representative(s) are guilty of the conclusory Bad Faith allegations. Plaintiffs' allegations also do not allege when this alleged Bad Faith conduct occurred. How was Defendant State Farm's alleged denial of any part of Plaintiffs' claim unreasonable? How did Defendant State Farm recklessly disregard the lack of a reasonable basis in allegedly denying any part of Plaintiffs' claim? Did the alleged Bad Faith conduct happen more than once? What was not prompt? How was Defendant State Farm's investigation of Plaintiffs' claim unreasonable or self-serving? How was Defendant State Farm's investigation of Plaintiffs' claim inadequate or unreasonable? How did Defendant State Farm act unreasonably and unfairly in response to Plaintiffs' claim? These are all factual questions left unanswered by the allegations in Plaintiffs' Complaint. Simply because Plaintiffs may disagree with Defendant State Farm, does not mean that Defendant State Farm acted in Bad Faith.

(Doc. 6-1 at 7-8.)

The questions raised by State Farm are appropriate but are questions to be raised during discovery. At the pleading stage, Plaintiffs are not required to present the kind of specificity and detail that answers to Defendant's questions would require.

In sum, Plaintiffs allege that State Farm indicated that it would provide full coverage for Plaintiffs' loss, yet ultimately refused to do so without providing any reasoning or justification. (*See* Doc. 1-1 ¶¶ 12-13, 18, 20, 27-28.) Because Plaintiffs have alleged facts that plausibly support a finding of bad faith on the part of State Farm, Defendant's Motion to Dismiss (Doc. 6) Count II of Plaintiffs' Complaint will be denied.

## V. CONCLUSION

Plaintiffs allege sufficient facts in their Complaint to make a plausible bad faith claim. Therefore, for the reasons set forth above, Defendant's Motion to Dismiss Count II of the Complaint (Doc. 6) will be denied. A separate Order will follow.

_____
Robert D. Mariani
United States District Judge